MORLEY SEWING-MACH. CO. et al. v. SHUTE.

(Circuit Court, D. Massachusetts. July 12, 1894.)

No. 2,671.

1. PATENTS—INFRINGEMENT—BUTTON SEWING MACHINE.
   The Morley patent, No. 236,350, for a machine for automatically sewing shank-eyed buttons to a fabric, containing three groups of mechanisms,—the button-feeding mechanism, the sewing mechanism, and the fabric-feeding mechanism,—in view of its construction in the case of Machine Co. v. Lancaster, 9 Sup. Ct. 299, 129 U. S. 263, is infringed by a machine the same as that held in said case to infringe, except that the fabric-feed-

ing mechanism is omitted; two claims of the patent not covering that mechanism, even by implication.

**2. SAME—ANTICIPATION.**
The patent was not anticipated by the previous Keith patent, as the Keith machines were not automatic, in the sense of the Morley patent, and seem not to have possessed much practical utility, their use having been abandoned.

This was a suit by the Morley Sewing-Machine Company and others against Benjamin A. Shute for infringement of a patent.

Fish, Richardson & Storrow and Ambrose Eastman, for complainants.

John L. S. Roberts and Charles Levi Woodbury, for defendant.

COLT, Circuit Judge. In the case of Machine Co. v. Lancaster, 129 U. S. 263, 9 Sup. Ct. 299, the supreme court considered the Morley patent, and held that it was entitled to a broad construction, as embodying a pioneer invention, for the reason that Morley was the first person to devise a machine for automatically sewing shank-eyed buttons to a fabric; and, although the specific mechanism in the Lancaster machine was different, it was held to infringe the 1st, 2d, 8th, and 13th claims of the Morley patent. The Morley machine contains three groups of mechanisms, namely, the button-feeding mechanism, which separates each button from a mass, and delivers it to the sewing devices; the sewing mechanism; and the fabric-feeding mechanism, which spaces the buttons. The defendant in the present suit has left out of his machine the fabric-feeding mechanism. In other respects, his machine is the same as the Lancaster machine. The contention of the defendant is that the Morley machine is made up of a combination of three groups of instrumentalities, and that by the omission of one of these groups his machine must be held to be outside of the Morley patent. Upon this point, however, it is important to bear in mind that the second and thirteenth claims of the Morley patent do not cover, even by implication, the fabric-feeding mechanism, and that the supreme court sustained these claims, and held that the Lancaster machine infringed them. For this reason, I cannot agree with the defendant that a machine which leaves out the fabric-feeding mechanism is not within the Morley patent.

In the present suit there have been offered in defense some prior patents which were not in the Lancaster Case; but, in my opinion, none of these patents, if they had been before the supreme court in that case, would have affected the decision, in the view which that court took of the character and scope of the Morley invention. Stress is laid by the defendant upon the old Keith patent as an anticipation of the second and thirteenth claims of the Morley patent. The Keith patent was before the supreme court in the Lancaster Case, and the Keith machine was described (although erroneously, in some particulars, it is said) in the deposition of Samuel F. Crosman. The difficulty with the Keith machine is that it is not automatic, in the sense of the Morley patent. In the machine, as described in the Keith patent, buttons were placed by

hand in a position to be operated upon by the sewing mechanism. In the machine, as actually constructed, a raceway was sometimes added; but such raceway was moved forward to and back from the stitching mechanism by means of a treadle controlled by the operator. This is not the feeding and sewing mechanism of the Morley machine, where the buttons are automatically selected, one after another, from a mass, and presented in succession to the needle of the sewing mechanism, and then sewed upon the fabric. Further, although four of these Keith machines were built and were in use more or less between 1872 and 1874, they do not seem to have possessed much practical utility, because their use was subsequently discontinued.

I have not considered the question whether the defendant in this case is estopped from attacking the validity of the Morley patent by reason of privity with the defendant in the Lancaster Case, because, independently of this question, and looking at this case as if it were between different parties, I think the decision must be in favor of the plaintiffs, in the light of the construction given to the Morley patent by the supreme court. In other words, I do not find anything in the present record which, if it had been before the supreme court, would have, in my opinion, changed or modified the views of that court with respect to the construction or scope of any of the claims of the Morley patent which were sustained.

Decree for complainants.